# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 6907 | **DATE** | March 22, 2012 |
| **CASE TITLE** | Trask v. Boyd, et al. | | |

**DOCKET ENTRY TEXT**

Cook County Defendants' and Respondent Anita Alvarez's Joint Motion to Quash Plaintiff's Subpoenas to Produce Documents [22] is denied in part as moot and granted in part.

■[For further details see text below.]

Notices mailed by Judicial staff.

**STATEMENT**

Cook County Defendants' and Respondent Anita Alvarez's Joint Motion to Quash Plaintiff's Subpoenas to Produce Documents [22] is denied in part as moot and granted in part. Pursuant to Federal Rule of Civil Procedure 45(c)(3), the Cook County Defendants and Respondent Anita Alvarez (collectively "Defendants") move to quash Plaintiff's four subpoenas for the production of documents issued in February 2012. Specifically, on February 7, 2012, Plaintiff personally served three subpoenas on the front desk personnel of the Civil Actions Bureau of the Cook County State's Attorney's Office. The three of the four subpoenas in question are directed at the Cook County Sheriff's Office and are labeled "Cook County Sheriff—Tom Dart—Legal Department," "Keeper of Records—Payroll—Dept.," and "Sheriff, Tom Dart, Legal Dept." On February 8, 2012, Plaintiff (or a third-party) personally served a fourth subpoena (also dated February 7, 2012) for the production of documents, directed at Respondent Anita Alvarez.

Defendants contend that the court should quash the four subpoenas because Plaintiff, a pro se litigant, issued them without court approval and because she as a party in this action is not authorized to serve her own subpoenas. Defendants also assert that the issuance of the subpoenas is premature because discovery has not begun in this case and the amount of time Plaintiff afforded Defendants to respond to the subpoenas—less than a week—was unreasonable. Defendants also point out that they have made good faith attempts to work out the premature discovery requests and to resolve their differences as required by Federal Rule of Civil Procedure 37(d)(1) and Local Rule 37.2, but Plaintiff has insisted that all communications between the parties be in writing and she has refused to engage in any telephonic conversations with Defendants' counsel.

In her response, Plaintiff has agreed to withdraw the three February 7, 2012 subpoenas that she personally served on the personnel at the Cook County State's Attorney's Office directed at "Cook County Sheriff—Tom Dart—Legal Department," "Keeper of Records—Payroll—Dept.," and "Sheriff, Tom Dart, Legal Dept." However, with regard to the fourth subpoena, Plaintiff claims that Respondent Alvarez should honor the subpoena

**STATEMENT**

because a third-party properly served the subpoena on Alvarez on February 8, 2012, the subpoena contains the language required by Federal Rule of Civil Procedure 45(c) and because Defendants have not engaged in a good faith effort to resolve the issues in this case and have not yet discussed a possible settlement of this case.

The court denies Defendants' motion to quash as moot with respect to the three subpoenas Plaintiff withdrew, but grants the motion with respect to Plaintiff's fourth subpoena. First, Plaintiff is not permitted to issue a subpoena without prior court approval. *See* Fed.R.Civ.P. 45(a)(2)(C)(3) ("The clerk must issue a subpoena . . . to a party who requests it."). Here, the fourth subpoena was not signed by the Clerk of Court. Second, while the parties dispute whether Plaintiff or a third-party served the fourth subpoena, the court presumes that Plaintiff served the subpoena because she failed to produce any evidence showing that a third-party effectuated service of the subpoena. *See* Fed.R.Civ.P. 45(b)(1) ("Any person who is at least 18 years old and not a party may serve a subpoena."). Third, the subpoena does not include the required text specified by Rule 45. *See* Fed.R.Civ.P. 45(a)(1)(A)(iv). Specifically, Plaintiff erroneously omitted the last page of the three-page pre-printed form entitled "Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action, AO 88B (Rev. 06/09)," which contains language required by Rule 45 when a subpoena is issued. Fourth, the issuance of subpoenas is premature in this case because discovery has not yet begun. *See* Fed.R.Civ.P. 26(d). Lastly, these deficiencies are compounded by the amount of time Plaintiff afforded Alvarez to respond to the subpoena. *See* Fed.R.Civ.P. 45(c)(3)(A)(i)(a subpoena may be quashed that "fails to allow a reasonable time to comply").