Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6907 | **DATE** | 7/26/2012 |
| **CASE TITLE** | Lois Trask vs. Thomas Boyd, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to reconsider [101] is denied. Noticed motion date of 07/31/12 is stricken.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    This matter is before the Court on Plaintiff Lois Trask's (Trask) *pro se* motion to reconsider. Trask filed a *pro se* amended complaint in this action, bringing claims under 42 U.S.C. § 1983 against various Defendants. This case was reassigned to the undersigned judge. Trask failed to clearly set forth the basis of the claims against each Defendant, presenting mostly incoherent claims, and Trask also made certain representations to the Court, complaining of preliminary actions of the magistrate judge in this case. Since this case was reassigned to the undersigned judge, on April 3, 2012, the Court withdrew the prior judge's referral to the magistrate judge and vacated all orders by the magistrate judge. In addition, since Trask was proceeding *pro se*, the Court gave Trask leave until June 4, 2012, to file a second amended complaint in order to cure the original complaint, and the Court gave Defendants until June 25, 2012, to answer or otherwise plead to the second amended complaint. Also, at the April 3, 2012 hearing, the Court set the next status hearing for June 27, 2012, and Trask was warned that failure to appear on a Court's noticed hearing may result in the dismissal of the action, for want of prosecution, pursuant to Local Rule 41.1 [Doc 61]. On June 1, 2012, Trask filed a second amended complaint and Defendants filed motions to dismiss on June 25, 2012 and June 26, 2012. On June 27, 2012, Trask failed to appear for the scheduled status hearing, and consistent with the Court's warning to Trask on April 3, 2012, the instant action was dismissed for want of prosecution. On June 28, 2012, Trask filed a motion to reinstate, and on July 23, 2012, the Court denied the motion to reinstate. Trask now requests that the Court reconsider its prior ruling relating to the denial of the motion to reinstate.

    Trask is proceeding *pro se*, and the Court has therefore liberally construed the instant motion. Trask asserts in the instant motion that she was in her doctor's office at the time of the June 27, 2012 hearing. However, when Trask filed the original motion to reinstate, even though she made reference to a doctor's appointment, she argued in her motion that she had not been informed of the June 27, 2012 hearing, stating that "Plaintiff has not received any orders from the Court or any other person in a timely manner to appear in Court on Ju[ne] 27, 2012." (Reinst. 2). Trask also asserted that she did not receive notice from Defendants regarding the June 27, 2012, hearing until June 27, 2012, at approximately 4:20 p.m. (Reinst. 1-2). Trask further contended that she "received insufficient notice" of the June 27, 2012, hearing. (Reinst. 2). In

| STATEMENT |
|---|
| denying Trask's motion to reinstate, the Court pointed out that, contrary to Trask's statements in the motion to reinstate, Trask was present in Court and was personally informed of the June 27, 2012 hearing. Not only Trask has failed to provide sufficient detail and justification relating to her motion to reconsider, but also in her attempt to reinstate this matter, Trask made a misrepresentation to the Court regarding notice of the June 27, 2012, status hearing. Therefore, the motion to reconsider is denied for that reason. |