# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6907 | **DATE** | 8/22/2012 |
| **CASE TITLE** | Lois Trask vs. Thomas Boyd, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons sated below, Plaintiff's motion for an extension of time to respond to certain Defendant's motion to dismiss and the motion of Lawrence Helms to quash [120] is denied. Plaintiff is warned that if she fails to file a response in a timely fashion to the pending motions to dismiss and motion to quash, the court will rule based upon the motions. Noticed motion date of 08/23/12 is stricken. All previously set dates, including the next status date of October 2, 2012 remain unchanged. Plaintiff is once again warned that failure to appear for a court's noticed status hearing may result in the dismissal of the action.

■[ For further details see text below.]   Telephoned and Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Lois Trask's (Trask) motion for an extension of time to respond to Defendants' motion to quash and motions to dismiss. This case was brought by Trask in September 2011 and was reassigned to this judge in March 2012. On April 3, 2012, at a court hearing at which Trask was present, the court set the next status hearing for June 27, 2012, and warned Trask that failure to appear on a court's noticed hearing may result in the dismissal of the action for want of prosecution, pursuant to Local Rule 41.1. On June 1, 2012, Trask filed a second amended complaint. On June 25, 2012 and June 26, 2012, Defendants filed motions to dismiss. On June 27, 2012, Trask failed to appear for the scheduled status hearing, and consistent with the court's warning to Trask on April 3, 2012, the instant action was dismissed for want of prosecution.

On June 28, 2012, Trask filed a motion to vacate the court's dismissal, and in her motion misrepresented to the court that she had not received proper notice of the June 27, 2012 status hearing. The court denied the motion to vacate and indicated in its decision that Trask was present in court and was personally informed of the June 27, 2012 hearing. Trask then filed a motion to reconsider, which was denied because Trask still failed to justify why the case should be reinstated. Trask subsequently filed another

**STATEMENT**

motion to reinstate, in which she apologized to the court for her mistake and for her failure to appear and indicated that she has no intentions of "stalling the litigation process of this case and is in fact ready for trial." The court gave the benefit of doubt to Trask, and on August 8, 2012, the court reinstated the instant action. The court also, in open court, set dates to respond to Defendants' motions to dismiss and motion to quash. The court gave Trask until August 29, 2012, to respond to the motions to dismiss and the motion to quash. The court also notes that on August 10, 2012, after the court vacated the dismissal order and reinstated this action, Trask filed a frivolous motion to substitute the judge "as a matter of right," which the court denied. Trask now requests an extension of 45 days after August 29, 2012 to respond to the motions to dismiss and motion to quash.

The court reviews Trask's request for an extension based upon the record in its entirety, including the reasons given by Trask for the request and the history in this case. As the court indicated above, Trask has made a misrepresentation to this court in order to justify her failing to appear for a noticed status hearing. After the court reinstated the instant action, the court had a dialogue with Trask in open court relating to the prosecution of this matter, including the pending motions and Trask's legal representation. Although in a civil action, a party does not have the right to be appointed counsel, the court offered during the August 8, 2012 hearing, as a matter of discretion, to appoint counsel for Trask in order for counsel to represent Trask relating to her complaint and to properly respond to the pending motions in this case. Trask refused the repeated offers made by the court for an appointment of counsel and indicated in court that she will be able to represent herself and to respond to the motions herself within the 21 days set by the court. Trask now seeks an extension of an additional 45 days to respond to the pending motions, contending that she is a poor and uneducated woman, that she suffers from depression, and that she has medical issues. (Mot. Par. 1). The reasons for an extension given by Trask are open-ended, and there is no indication, based on her given reasons, that she would be able to respond to the motions, even if an extension is granted. This case has been pending for approximately a year and is still at the pleadings stage. It appears that Trask is seeking to delay this action indefinitely, and it does not appear that she intends to prosecute this matter in a timely fashion. The court notes that when Trask sought reinstatement of this action, she represented to the court that she had no intentions of stalling in this case and that she was ready for trial, but in seeking another extension, Trask is

**STATEMENT**

in fact attempting to stall in this case. Therefore, based on all of the above, including Trask's earlier misrepresentation to the court, the filing of a frivolous motion to recuse, and Trask's endless, vague, and open-ended excuses, which appear to be stalling tactics, Trask's motion for an extension is denied. Trask is warned that if she fails to file a response in a timely fashion to the pending motions to dismiss and motion to quash, the court will rule based upon the motions. All previously set dates, including the next status date of October 2, 2012 remain unchanged. Trask once again is warned that failure to appear for a court's noticed status hearing may result in the dismissal of the action.